KANSAS CITY HAY PRESS CO. v. DEVOL et al. (Circuit Court of Appeals, Eighth Circuit. January 9, 1905.) No. 2,076. Appeal from the Circuit Court of the United States for the Western District of Missouri. Richard H. Manning, for appellant. George A. Neal, for appellee. Dismissed, with costs, on motion of appellant. See 127 Fed. 363.

---

MERCER et ux. v. BUCHANAN et al. (Circuit Court of Appeals, Third Circuit. May 15, 1905.) No. 22. Appeal from the Circuit Court of the United States for the Western District of Pennsylvania. A. Leo Weil and Philip G. Bartlett, for appellants. Henry A. Miller and Wm. H. McClung, for appellees. Before ACHESON, DALLAS, and GRAY, Circuit Judges.

PER CURIAM. By deed dated January 16, 1900, Kate V. Bingham conveyed to the appellees certain corporation stocks and other personal property, "in trust, nevertheless, to invest and keep invested the same and pay to me the income thereof, * * * which said net income shall be so paid to me, if possible, quarterly during the term of my natural life, and from and after my decease to pay over the said net income quarterly, as near as may be, unto my said daughter, Helen B. Mercer, for and during the term of her natural life, and upon the further trust, upon the death of my said daughter, to pay, transfer, deliver, and convey the said trust fund, stocks, and other property, freed and discharged from this trust, to the child or children of my said daughter," and in default thereof to certain collaterals. Kate V. Bingham died upon April 7, 1900, and thereupon Helen B. Mercer became entitled during her life to the net income of the trust estate under the above-quoted provision. Included in the trust estate were 2,564 shares of the capital stock of the Apollo Iron & Steel Company; and as the holders of these shares the trustees received from that company, after the death of Kate V. Bingham, certain shares of stock in other corporations and about $64,000 in cash. The appellants, in their bill of complaint, claimed that these last-mentioned shares and this cash should be delivered and paid over to the life tenant, Mrs. Mercer, because, as they alleged, they were dividends "declared from earnings or accumulated profits." In response to this allegation the defendants below (appellees here) answered "that such dividends are capital, and not income"; and the issue thus presented was decided by the court below in favor of the defendants. Accordingly a decree dismissing the bill was entered (132 Fed. 501), and from that decree this appeal was taken. But, after examining the record with special attention, we find it impossible to reach any conclusion upon which the final determination of this important cause could be safely rested. Therefore, without now intimating an opinion upon any question involved, we feel constrained to remit it to the court below for further proceedings, to be there taken in conformity with the following order. This cause is remanded to the Circuit Court for the Western District of Pennsylvania, with direction to vacate the decree heretofore entered by that court, and to appoint a master to take and report the evidence which shall be adduced before him, together with his findings and conclusions as to whether all the shares of stock and the money claimed by Mrs. Mercer in this suit were acquired by the Apollo Iron & Steel Company in exchange or payment for capital assets of that corporation, or whether said shares of stock and money were to any, and, if to any, to what, extent derived from earnings or profits of that company which it had not converted into capital. Either or both parties may except to the report of the master, and will be entitled to hearing and decision thereon in accordance with the usual practice; and from the final decree thereafter to be made by the Circuit Court an appeal will lie, precisely as if this present appeal had not been taken. All questions respecting costs upon this appeal are reserved.