IMPERIAL MACH. CO. v. N. R. STREETER & CO.

(District Court, W. D. New York. May 1, 1914.)

1. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—MACHINE FOR PEELING VEGETABLES.

The Robinson patent, No. 809,582, for a machine for peeling vegetables, *held* not anticipated, valid, and infringed on a motion for preliminary injunction.

2. PATENTS (§ 303*)—SUIT FOR INFRINGEMENT—TITLE OF COMPLAINANT.

In an infringement suit by an assignee, the defendant cannot raise technical objections to the title of complainant on a motion for preliminary injunction, where the validity of the assignment is not questioned by the assignor.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 496–498, 502, 503; Dec. Dig. § 303.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by the Imperial Machine Company against N. R. Streeter & Company. On renewed motion for preliminary injunction. Motion granted.

H. S. MacKaye, of New York City, for complainant.
J. William Ellis, of Buffalo, N. Y., for defendant.

HAZEL, District Judge. [1] The original motion for preliminary injunction in this case was denied but without prejudice to renew, and this renewal of the motion is based on additional affidavits in answer to the affidavit of defendant's expert witness Shoemaker, who substantially testified that the highest part of the elevation or cutting surface in the Lehman patent, which defendant claims anticipates the patent in suit, was in the middle, and that the sides sloped away therefrom forming a rounded agitator. Such description of the patent, in view of the fact that no expert for the defendant was sworn in the case of this complainant against Smith & McNell similarly describing the Lehman device, induced the belief that the prior case was not sufficiently presented. But such testimony is now strongly controverted by complainant's expert witnesses Brenizer and Byrne, who testify that the drawing and description of the elevated part in the Lehman patent are insufficient to indicate that the raised portion sloped downward to a disk having a slope towards the center, or that its construction was such as to throw the vegetables back towards the center; and it is also affirmed by them that the elevated part has a sharp edge towards the middle which holds the potatoes moving outward by centrifugal force and cuts them.

In view of the fact that the evidence accords with the analysis of the Lehman patent by Judge Hough, who sustained the Robinson patent in suit in the case against Smith & McNell, and also with that of Judge Lacombe, who considered the Lehman patent and the description of it by defendant's witness Shoemaker on a motion for a preliminary injunction which came before him, I conceive that I must now give greater weight to the decision of Judge Hough, which of course raises a strong presumption in favor of the validity of the Robinson patent, and which I ought not to ignore at this time when the defendant's attack upon the validity of the patent is weakened by the complainant's present showing, a showing which if made before me on the former motion would no doubt have resulted in my granting the application. That the rotary disk described in claim 1 of the patent in suit is embodied in defendant's machine and is operated in substantially the same way is not thought in doubt.

[2] As to the objection that the complainant has no legal title to the patent in suit on the ground that the assignment was not specifically authorized by a majority of the surviving trustees of the Robinson Machine Company, it is sufficient to say that the presumptions are in favor of the validity of the assignment, and in any event, as the assignor has not raised the question of invalidity, it is not thought that a third party, an asserted infringer, is in a position to inject this ques-

tion in a collateral proceeding. Kansas City Hay-Press Co. v. Devoi, 81 Fed. 726, 70 C. C. A. 679.

The motion of the Imperial Machine Company for an injunction pendente lite as to claim 1 is granted.